UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

WAYNE NICOLAISON,

Plaintiff,

v.

FRANK MILZAK and
RICK HARRY,

Defendants.

Civil No. 00-2654 (RHK/JMM)

ORDER

Plaintiff, a civilly committed detainee at the Minnesota Psychopathic Personality Center in Moose Lake, Minnesota, commenced this action by filing a Complaint in this District on December 7, 2000. He claims that Defendants violated his federal constitutional rights by taking a computer away from him without providing him the benefits and protections of due process. Plaintiff did not tender the $150 filing fee required by 28 U.S.C. § 1914(a) when he commenced this action, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 3.) The matter is now before the Court for a ruling on Plaintiff's IFP application.

The Court finds that Plaintiff is financially eligible for IFP status, and his IFP application will therefore be GRANTED. As a result, the filing fee for this action will be waived,[1] and the Court will direct the U.S. Marshal to effect service of process on

[1] Plaintiff is not considered to be a "prisoner" for purposes of the IFP statute, (28 U.S.C. § 1915), because it appears that he is currently detained pursuant to a civil commitment, and not because he has been accused of, or convicted of, any crime. See 28 U.S.C. § 1915(g). Therefore, the fee payment procedure for prisoners set forth at 28 U.S.C. § 1915(b) is not applicable here.

DEC 19 2000

Defendants. (See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2).) The Clerk of Court will be required to issue a Summons, and the U.S. Marshal will be required to serve copies of the Summons and Complaint on each of the two named Defendants at the Minnesota Psychopathic Personality Center.

Plaintiff also has filed a motion asking the Court to appoint counsel to represent him in this matter. (Docket No. 2.) Pro se litigants do not have a constitutional or statutory right to counsel in civil cases. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the litigant to present his claims, the complexity of the legal issues and whether both the litigant and the Court would benefit from having the litigant represented by counsel. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

Here, the Court finds that neither the facts nor the legal issues involved in this case are so complex as to warrant appointment of counsel. It appears to the Court that Plaintiff has the threshold ability to articulate his claims and to argue his positions, and that he will be able to communicate effectively with the Court. Moreover, the Court is presently satisfied that appointment of counsel would not substantially benefit the Court or Plaintiff. Therefore, Plaintiff's request for counsel will be denied.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 3), is GRANTED;

2. The Clerk of Court shall issue a summons, and the U.S. Marshal shall effect service of process on the two named Defendants at the Minnesota Psychopathic Personality Center; and

3. Plaintiff's motion for appointment of counsel, (Docket No. 2), is DENIED.

Dated: December 19, 2000

JOHN M. MASON
United States Magistrate Judge