UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WAYNE NICOLAISON,

Plaintiff,

v.

FRANK MILZAK (sic) and
RICK HARRY,

Defendants.

CIVIL NO. 00-2654 (RHK/JMM)

ORDER

The above matter is before the undersigned upon Defendants' Motion for Protective Order Staying Discovery [Docket No. 20]; and upon Plaintiff's Motions for Denial of Defendants' Request for Immunity and Order them to Comply with Discovery [Docket No. 26] and for Appointment of Counsel [Docket No. 38]. Plaintiff is represented pro se; Defendants are represented by David Rowley, Esq., Assistant Minnesota Attorney General. The Motions were submitted on the papers.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that:

1. Defendants' Motion for Protective Order Staying Discovery [Docket No. 20] is granted.

2. Plaintiff's "Motion for Denial of Defendants' Request for Immunity and Order them to Comply with Discovery" [Docket No. 26] is denied.

3. Plaintiff's Motion for Appointment of Counsel [Docket No. 38] is denied.

APR 18 2001

4. The time for Plaintiff to submit a response to Defendants' Motion for Summary Judgment is extended to May 14, 2001. His response should be accompanied by supporting documents including a memorandum of law, affidavits and exhibits. See Local Rule 7.1(b)(1)(B).

Dated: April 17, 2001

JOHN M. MASON
United States Magistrate Judge

## MEMORANDUM

### Background

Plaintiff is a patient at the Minnesota Sexual Psychopathic Personality Treatment Center in Moose Lake, Minnesota. On December 7, he filed a Complaint alleging that Defendants, employees of the Minnesota Department of Human Services, violated his civil rights under 42 U.S.C. § 1983. The Complaint centers around the confiscation of Plaintiff's computer and related media for six months.

On March 3, Plaintiff served each Defendant with 112 requests for admissions. [Docket No. 22, Aff. of Rowley]. On March 19, 2001, Defendants filed a Motion for Protective Order Staying Discovery pending this Court's decision on Defendants' Motion for Summary Judgment that had not yet been filed. In response, Plaintiff submitted a pleading captioned as a Motion for Denial of Defendants' Request for Immunity and Order them to Comply with Discovery. [Docket No. 26]. Defendants filed their Motion for Summary Judgment on April 6, 2001. [Docket No. 29]. Plaintiff then filed a renewed Motion for Appointment of Counsel [Docket No. 38], the first having been denied on December 19, 2000 [Docket No. 4, Order].

## I. Protective Order Staying Discovery

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a Protective Order staying discovery may be issued when justice so requires "to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." FED. R. CIV. P. 26(c)(1). If Defendants' Summary Judgment Motion is granted discovery in this case would be rendered unnecessary. Thus, Defendants request that discovery be stayed pending a decision on the Summary Judgment Motion.

Defendants assert that they are immune from suit for actions undertaken in their official capacities pursuant to the Eleventh Amendment to the United States Constitution. In addition, Defendants assert qualified immunity from suit to which they are entitled unless they "acted outside the scope of [their]. . . office or, if within the scope, acted in an arbitrary manner, grossly abusing the lawful powers of office." Scheuer v. Rhodes, 416 U.S. 232, 235 (1974). Once qualified immunity is raised, the threshold question is whether Plaintiff has asserted a constitutional right that has allegedly been violated. Siegert v. Gilley, 500 U.S. 226, 232 (1991). In this case, Plaintiff alleges that he has been deprived of due process. Whether Defendants are entitled to Eleventh Amendment immunity as a suit against the state and whether Plaintiff has asserted a violation of due process are legal questions that do not require discovery.

Whether Defendants are immune from suit should be determined before they are subjected to burdensome discovery. See Siegert, 500 U.S. at 232 ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit"); see also Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)("Until this

threshold immunity question is resolved, discovery should not be allowed"). Accordingly, Defendants' Motion for a Protective Order [Docket No. 20] is granted and Plaintiff's responsive pleading captioned as a "Motion for Denial of Defendants' Request for Immunity and Order them to Comply with Discovery" [Docket No. 26] is denied.

## II. Appointment of Counsel

Also before the Court at this time is Plaintiffs' Motion for Appointment of Counsel. [Docket No. 38.]. Pro se litigants, (whether prisoners or non-prisoners), do not have a constitutional or statutory right to counsel in civil cases. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the litigant to present his claims, the complexity of the legal issues and whether both the litigant and the Court would benefit from representation by counsel for both parties. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

Plaintiff filed an Motion for Appointment of Counsel upon filing his Complaint on December 7, 2000 [Docket No. 2]. His Motion was denied on the basis that neither the facts nor the legal issues raised in this case were so complex as to warrant appointment of counsel; that Plaintiff had the apparent ability to articulate his claims and argue his position; and that appointment of counsel would not substantially benefit the Court or Plaintiffs. We do not think the circumstances have changed since his earlier Motion. Since then, Plaintiff has made numerous filings reflecting an ability to argue his position and

respond to Defendants' arguments, including the argument with respect to immunity. Accordingly, Plaintiffs' request for counsel is denied.

Plaintiff's response to Defendants' Motion for Summary Judgment would normally be due on April 24 in accordance with Local Rule 7.1. Since Defendants have not requested oral argument and since Plaintiff is pro se, we extend the deadline for filing a response until May 14, 2001.

J.M.M.